**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROSHAN SINGH, | No. 13-70996 |
| Petitioner, | Agency No. A088-223-205 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2016[*]
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Roshan Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The BIA determined that Singh was ineligible for asylum and withholding of removal because of his participation in the persecution of others. Under the Immigration and Nationality Act, any person who has "ordered, incited, assisted, or otherwise participated in" persecution is ineligible for asylum and withholding of removal. 8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i), 1231(b)(3)(B)(I).

The BIA erred in concluding that Singh participated in the persecution of others on account of political opinion. "Without proof of at least one instance" in which Singh's investigation "resulted in . . . persecution of an individual because of his political beliefs," this Court is "unable to infer that such occurred." *See Laipenieks v. I.N.S.*, 750 F.2d 1427, 1437 (9th Cir. 1985). The IJ and the BIA assumed that the individuals Singh investigated were persecuted because during that time period "there were suspected separatists who were often detained and tortured" by local police. However, the record contains no evidence to support that any specific person Singh investigated was eventually persecuted for their political beliefs. Iqbal Singh Bagha is the only specific example in the record of an individual Singh investigated, and there is no evidence that Bagha was persecuted for his political beliefs.

Because the BIA's conclusion that Singh participated in the persecution of others on account of political opinion is not supported by substantial evidence, *see Laipenieks*, 750 F.2d at 1437, the BIA incorrectly determined that Singh was not eligible for asylum or withholding of removal. Accordingly, we grant the petition for review and reverse the BIA's decision. We need not, and do not, reach any other issue raised by the parties.

**PETITION GRANTED.**